UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                          :

UBER TECHNOLOGIES, INC., et al.,          :

                               :

            Plaintiffs,         :

                               :         24-CV-01209 (JAV)

     -v-                     :

                               :         <u>ORDER</u>

MAYA ASSURANCE COMPANY,         :

                               :

            Defendant.       :

                               :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On March 12, 2026, Defendant Maya Assurance Company ("Maya") filed a motion for sanctions against Plaintiffs Uber Technologies, Inc.; Uber USA, LLC; Rasier-NY, LLC; Rasier, LLC; Vierzehn-NY, LLC; and Rasier-CA, LLC (collectively, "Uber") pursuant to Federal Rules of Civil Procedure 16(f), 26(e), and 37(c).  ECF No. 58 at 3.  Maya argues that sanctions are warranted because Uber failed to produce insurance policies that Maya had requested during discovery and that are relevant to Maya's Third Affirmative Defense.  *Id.* at 1-2.  Accordingly, Maya requests the Court to impose sanctions on Uber by granting Maya's pending cross-motion for summary judgment, granting an adverse inference, and ordering Uber to pay Maya's expenses incurred in connection with Uber's alleged discovery deficiencies.  *Id.* at 3.  For the following reasons, Maya's motion for sanctions is **DENIED**.

Maya seeks sanctions under Rules 26(e) and 37(c).  "A district court has wide discretion to impose sanctions, including severe sanctions, under [Rule] 37."  *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006).  Pursuant to Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In addition to or instead of this sanction, the Court may also impose a variety of other sanctions, including dismissing the action, ordering payment of reasonable expenses, and other appropriate sanctions. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi), 37(c)(1)(A)-(C). In determining whether to exercise its discretion to impose sanctions under Rule 37, district courts may consider the following factors: "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

Pursuant to Rule 26(e), a party is obligated to timely supplement or correct its initial Rule 26 disclosures, and its responses to interrogatories and document demands, "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). "The obligation to amend prior disclosures and discovery responses continues even after the conclusion of discovery." *Heredia v. Americare, Inc.*, No. 17-CV-06219 (RWL), 2020 WL 3961618, at *5 (S.D.N.Y. July 13, 2020) (citation omitted). "The party that fails to comply with Rule 26(a) or (e) bears the burden of proving both that its non-compliance was substantially justified, and that it was harmless." *Rodriguez v. Vill. of Port Chester*, 535 F. Supp. 3d 202, 209-10 (S.D.N.Y. 2021) (citation omitted).

Maya argues that Uber violated Rule 26(e) because Uber failed to produce insurance policies as requested during discovery and these insurance policies are relevant to Maya's Third Affirmative Defense. ECF No. 58 at 1-3. Maya's Third Affirmative Defense states, "Pursuant to applicable statutes and regulations, Plaintiffs maintain liability insurance that provides primary coverage in connection with the allegations asserted against Uber in the Underlying Actions." ECF No. 17 at 20. Accordingly, Maya complains that Uber has refused to produce relevant documents,

2

and this refusal "cannot be squared with Uber's pledge 'that it will produce those Business Auto insurance policies issued to Uber that were in effect during the time periods at issue in the Underlying Lawsuits'" in response to Maya's Request for Production ("RFP") No. 32.  ECF No. 58 at 3 (quoting ECF No. 50, ¶¶ 58-59).

Maya fails to demonstrate that Uber violated Rule 26(e) for the same reason Uber objected to Maya's RFP No. 32:  the requested insurance policies are irrelevant to Maya's Third Affirmative Defense.  Maya's RFP No. 32 requested production of "[a]ll automobile liability insurance policies obtained by Uber that have provided insurance coverage to its New York-based drivers while they were utilizing the Uber App, for the period from January 1, 2014 to present."  ECF No. 43-2, ¶ 32.  In response, Uber stated, "Uber objects to this Request as overbroad, unduly burdensome, and seeking documents that are not relevant to any party's claim or defense in this action and proportional to the needs of the case."  *Id.*  Indeed, Maya has failed to demonstrate that the insurance policies it seeks are relevant to its Third Affirmative Defense, which explicitly concerns "*primary* coverage," ECF No. 17 at 20 (emphasis added), as the insurance policies at issue appear to concern *excess* coverage, *see* ECF No. 59 at 3; *see, e.g.*, ECF No. 43-11 at UBER-MAYA0000303-04.  Maya has also failed to address this basic point since Uber first raised it, ECF No. 48 at 9-10, in response to Maya's first submission regarding Uber's alleged discovery deficiencies in its cross-motion for summary judgment one year ago, ECF No. 45 at 8-9.  *See* ECF No. 52 at 3-6 (failing to address Uber's argument in its reply memorandum of law in support of its cross-motion for summary judgment); *see generally* ECF No. 58 (failing to address Uber's argument in its motion for sanctions).  These failures are fatal to Maya's argument, and Maya's argument is therefore meritless.

Maya also seeks sanctions under Rule 16(f).  "Rule 16(f) authorizes sanctions for, among other things, the failure to obey a scheduling or other pretrial order."  *Gardner-Alfred v. Fed. Rsrv.*

*Bank of New York*, No. 22-CV-01585 (LJL), 2023 WL 3495091, at *8 (S.D.N.Y. May 17, 2023), *aff'd*, 143 F.4th 51 (2d Cir. 2025).  "In deciding whether sanctions are merited under Rule 16(f) . . . the Court need not find that the party acted in bad faith."  *Id.*  "The Court need find only that there is clear and convincing evidence that counsel disregarded a clear and unambiguous scheduling or other pretrial order."  *Id.*  Here, Maya's argument for sanctions under Rule 16(f) depends upon Uber's alleged violation of its discovery obligations per the Amended Case Management Plan and Scheduling Order, ECF No. 31.  *See* ECF No. 58 at 1-3.  To demonstrate that Uber failed to comply with these obligations, Maya points to the same alleged deficiencies that it contends resulted in a violation of Rule 26(e).  *See id.*  Since Maya has failed to demonstrate that Uber violated Rule 26(e), however, Maya's motion for sanctions pursuant to Rule 16(f) similarly must fail.

Accordingly, Maya's motion for sanctions is **DENIED**.  The Clerk of Court is directed to terminate ECF No. 58.

SO ORDERED.

Dated:  April 1, 2026
        New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

4