UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                              :
UBER TECHNOLOGIES, INC., et al.,                              :
                                                              :
                                Plaintiffs,                   :
                                                              :        24-CV-01209 (JAV)
        -v-                                                   :
                                                              :        ORDER
MAYA ASSURANCE COMPANY,                                       :
                                                              :
                                Defendant.                    :
                                                              :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On March 18, 2026, Defendant Maya Assurance Company ("Maya") filed a motion for

sanctions against Plaintiffs Uber Technologies, Inc.; Uber USA, LLC; Rasier-NY, LLC; Rasier,

LLC; Vierzehn-NY, LLC; and Rasier-CA, LLC (collectively, "Uber").  ECF No. 58 at 3.  On

April 1, 2026, the Court denied Maya's motion.  ECF No. 60 ("Order").  On April 8, 2026, Maya

filed a motion to reconsider the Order.  ECF No. 61 ("Motion" or "Mot.").  For the following

reasons, the Motion is **DENIED**.

In support of its Motion, Maya primarily reiterates two arguments that merit attention.

First, Maya argues that Policy No. MWTB 313793 22, and four other undisclosed policies,

provide Uber primary auto liability insurance coverage as relevant to its third affirmative defense

concerning primary coverage.  ECF No. 62 ("Mem.") at 6-8.  Maya argues that the Court erred in

accepting Uber's representation that the policies in question provided excess coverage.  To

substantiate its argument, Maya points to various aspects of the partially disclosed Policy No.

MWTB 313793 22 that indicates that it provides primary coverage.  *Id.* at 4-8.  Second, Maya

argues that Uber promised to "produce those Business Auto insurance policies issued to Uber

that were in effect during the time periods at issue in the Underlying Lawsuits." *Id.* at 10.  Maya argues that Uber failed to produce relevant insurance policies and flouted its discovery obligations, thereby meriting sanctions.  *Id.* at 10-11.

Having reviewed Policy No. MWTB 313793 22 *in camera* and *ex parte*, the Court concludes that it provides excess coverage here.  As relevant, an endorsement to that policy titled "Other Insurance Condition Changes" provides:

> a.  For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance, including but not limited specifically to:
>
>> (1) Any auto insurance policy issued to Rasier, LLC, Rasier-CA, LLC, Rasier-DC, LLC, Rasier-MT, LLC, Rasier-NY, LLC, Rasier-PA, LLC Gegen, LLC, Portier, LLC, Uber USA, LLC, Schleuder, LLC, or any other subsidiary of Uber Technologies, Inc. by the following insurance companies and/or their subsidiaries/affiliates: AIG, Allianz, Allstate, Liberty Mutual, Farmers, Progressive and Old Republic Insurance Company; or
>>
>> (2) Any other auto insurance policies naming Uber Technologies Inc. or any of its subsidiaries as a Named Insured.

Business Auto Insurance Policy: MWTB 313793 22 at 51.  Since Uber did not own any of the autos involved in the underlying lawsuits, *see generally* ECF Nos. 36, 44, this policy provides excess coverage only and is therefore irrelevant to Maya's third affirmative defense.

Maya's second argument selectively quotes Uber's response.  *Compare* Mem. at 10, *with* ECF No. 43-2, ¶ 32 ("Uber objects to this Request as overbroad, unduly burdensome, and seeking documents that are not relevant to any party's claim or defense in this action and proportional to the needs of the case.  Subject to and without waiver of the foregoing objections and the General Objections, Uber responds that there are no insurance policies issued to Uber

2

that afford primary coverage for any of the Underlying Lawsuits.  Uber further responds that it will produce those Business Auto insurance policies issued to Uber that were in effect during the time periods at issue in the Underlying Lawsuits.").  Regardless, even if Uber did promise to produce irrelevant insurance policies, the failure to produce such irrelevant documents hardly merits sanctions as Maya cannot point to any legitimate prejudice it suffered as a result, much less prejudice that merits the imposition of an adverse inference or dismissal of the entire action.

Accordingly, the Court concludes that Uber did not violate its discovery obligations and that sanctions are not merited here.  The Motion for Reconsideration is therefore **DENIED**.  The Clerk of Court is directed to terminate ECF No. 61.

SO ORDERED.

Dated: May 14, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

3